PEARSON, MJ

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RICHARD D. JONES, | CASE NO. 1:08-CV-01135 |
| Plaintiff, | |
| v. | MAGISTRATE JUDGE PEARSON |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | **MEMORANDUM OPINION AND ORDER** |

### Introduction

Pending before the Court is an Application for Payment of Attorney Fees filed by Plaintiff Richard D. Jones ("Jones"), pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF No. 25. Defendant Commissioner of Social Security ("Agency" or "Commissioner") has no objection to Jones' application. ECF No 26.

### Background

In response to Jones' request for judicial review of the Social Security Administration's denial of his application for benefits, the Court reversed the Administration's final decision denying Social Security Disability Insurance Benefits to Jones and remanded the matter, pursuant to the fourth sentence of Section 405(g) of the Social Security Act, 42 U.S.C. § 405(g), for a re-evaluation of Jones' residual functional capacity and disability onset date. *See* ECF Nos. 21 & 22.

(1:08-CV-01135)

On October 8, 2009, the Court clarified its earlier rulings with the following:

For the reasons set forth in the Memorandum of Opinion and Order and Judgment Entry filed contemporaneously therewith, pursuant to the Fourth Sentence of 42 U.S.C. § 405(g), the unfavorable portion of the final agency decision is reversed and remanded for a re-evaluation of Richard D. Jones' residual functional capacity and disability onset date. This re-evaluation must give proper consideration to Jones' physical limitations as identified in the Residual Functional Capacity Questionnaires and other relevant documents provided by Jones' treating physicians, Drs. Packer and Nagendra. The ALJ shall confine the re-evaluation to the time period prior to Jones' fiftieth birthday, *i.e.*, the period before February 3, 2005. The portion of the Social Security Administration's final decision finding Jones disabled as of his fiftieth birthday and granting him benefits as of that date is affirmed.

ECF No. 24 at 2.

On December 21, 2009, Jones filed an Application for Payment of Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), including a break down of hours billed and an affidavit from Jones' counsel, seeking an EAJA award in the total amount of "$5,979.75 to be paid by the Defendant, pursuant to the Equal Access to Justice Act, 28 U.S.C. Section 24 and, per the attached assignment of attorney fees, payable directly to Plaintiffs' counsel Paulette F. Balin." ECF No. 25 at 1.

Jones' application is in accordance with the EAJA which provides:

[A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

2

(1:08-CV-01135)

## Ruling

Plaintiff's well-supported and unopposed Application for Payment of Attorney Fees, ECF No. 25, is GRANTED.   Plaintiff Richard D. Jones is awarded a total amount of $5,979.75.

IT IS SO ORDERED.

| | |
|---|---|
| January 13, 2010 | s/ *Benita Y. Pearson* |
| Date | United States Magistrate Judge |